OLIVE WEBSTER, Plaintiff
v.
CLEMENT WEBSTER, Defendant

Civil No. 1174-1970

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

November 8, 1971

JOHN L. MADURO, St. Thomas, V.I., *for plaintiff*

ARNOLD M. SELKE, St. Thomas, V.I., *for defendant and garnishee*

HOFFMAN, *Judge*

### ORDER

This matter came on to be heard on August 23, 1971 pursuant to an Order of the Court directing Marvin Goodman, Vice-President of Quality Sales Corporation, to show cause why he should not be held in contempt of Court for the Corporation's failure to comply with the Court's Writ of Garnishment. John L. Maduro appeared for the plaintiff and Arnold M. Selke represented both the defendant and the garnishee. Both are from St. Thomas. At the time of

this hearing Attorney Selke noted that he would file a Motion to Open a Default Judgment and the Court ordered that as a condition the defendant would be required to file a cash bond in the amount of the total outstanding portion of the original Judgment. On September 13, 1971 this bond was filed in the amount of $260.00 and on September 22, 1971 a hearing was held with regards to both the defendant's Motion to Open the Default and the plaintiff's Petition for a Rule to Show Cause.

 With respect to the issue of contempt the defendant has argued that by means of the cash bond filed in this matter the contempt of Quality Sales has been purged. The garnishee has offered no excuse, however, for the original failure to obey the Court's order. The attorney for the defendant and garnishee has further argued that this contempt proceeding is civil in nature as it is not within the purview of 14 V.I.C. 582(a). With regards to each of these contentions the Court disagrees. Under 14 V.I.C. 582(a) where the act of contempt is also a criminal offense the Court has power to impose both a fine *and* a term of imprisonment. This is not to say, however, as the defendant does, that this is the only instance in which the Court may punish for flagrant disobedience of its orders. Under Section 581 the Court has general power to punish for contempt as in the instant case where one has ignored a Court order. See: 14 V.I.C. 581(3). Under this section it should be noted that the Court may impose only a fine *or* imprisonment. While there may be purgation of civil contempt (as when a bond is filed), such an act is no defense in a case of criminal contempt. United States v. Brewster, 154 F.Supp. 126.

 With respect to the Motion to Open the Default the Court does not feel that the defendant has made a sufficient showing to justify relief under Rule 60(b) of the Federal

Rules of Civil Procedure. The defendant has moved under 60(b) (6) from the final judgment only after the instant contempt proceeding was initiated. In any case there are two very important qualifications to such an application. First, the motion must be based on some "other" reason than those stated in clauses (1) through (5) of 60(b). Second, the other reason urged for relief must be such as to justify relief. Here it is not certain just what "other" reason the defendant alleges. Furthermore he has failed to show that such relief is justified. He argues principles of the law of agency to attack the Court's entry of a default, yet it is in no way established that principles of agency were in any way essential to the Court's reasoning when it entered the default. As stated at 7, Moore's Federal Practice, Paragraph 60.27(1) : "Failure of the movant to allege, or to prove if the allegation is controverted, an adequate reason for relief warrants denial." Ackermann v. United States (1950) 340 U.S. 193; United States v. Klappratt (D. N.J. 1949) 9 F.R.D. 282.

It should be noted that, while the plaintiff was free to proceed in this matter against the employer-garnishee via a Petition for a Rule to Show Cause, the plaintiff could have availed himself of 5 V.I.C. 525 and sought judgment against the employer-garnishee. In any case the outstanding Judgment may now be satisfied out of the cash bond posted by the employer. In connection with the instant matters and after a careful consideration of the arguments and the memoranda of the parties it is hereby

ORDERED that the garnishee, Quality Sales Corporation, pay a fine of $50.00 (fifty) for the willful disobedience of the Writ of Garnishment issued by the Court; and it is

FURTHER ORDERED that defendant's Motion to Open the Default Judgment be and is denied.